UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIYAM AKMAL,<br><br>             Plaintiff,<br><br>   v.<br><br>THE UNITED STATES OF AMERICA, *et al.*,<br><br>             Defendants. | Case No.  CV12-1499RSL<br><br>ORDER GRANTING MOTION TO DISMISS AND GRANTING LEAVE TO AMEND |

This matter comes before the Court on the defendant United States of America's ("Government") "Motion to Dismiss" (Dkt. # 20). Plaintiff Mariyam Akmal alleges that the Government and unidentified Transportation Security Administration ("TSA") employees violated her rights under the First, Second, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Dkt. # 22 ¶¶ 114-36. Plaintiff also asserts claims under Title VI of the Civil Rights Act of 1964 ("Title VI"), the Washington Law Against Discrimination ("WLAD") and the Federal Tort Claims Act ("FTCA"). Id. ¶¶ 137-48, 152-67.[1]

These claims arise from TSA employees' statements and searches of Plaintiff before two flights. Plaintiff contends that she is a victim of racial and religious profiling during pre-flight security screening in January and October 2010. She contends that

---

[1] Plaintiff's Freedom of Information Act and Privacy Act claims were dismissed pursuant to the parties' stipulation and agreed order of dismissal on April 23, 2013. Dkt. # 34.

ORDER GRANTING MOTION TO DISMISS
AND GRANTING LEAVE TO AMEND - 1

TSA agents insulted her, embarrassed her, deprived her of her constitutional rights, and stole her camera based on her race and religious background. Plaintiff is an African-American woman whose father is Muslim.

**A. Plaintiff's Second Amended Complaint**

After the Government filed its motion to dismiss but before the Government filed its reply memorandum Plaintiff filed a second amended complaint. See Dkt. # 22. "[T]he general rule is that an amended complaint supercedes the original complaint and renders it without legal effect." Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012). Plaintiff's second amended complaint presents identical factual allegations to those presented in her first amended complaint, with few exceptions. In contrast to the first amended complaint, the second amended complaint identifies plaintiff's constitutional claims as claims arising under 42 U.S.C. § 1983 ("Section 1983") and Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971) ("Bivens"). E.g., Dkt. # 22 at 36. Similarly, each constitutional claim now contains an allegation that the unidentified TSA agents acted in both their official and individual capacities. Id. ¶ 115. The only other noticeable difference is that the second amended complaint asserts four claims under the FTCA. Id. ¶¶ 152-67. The Government anticipated Plaintiff's construction of these claims as Section 1983 and Bivens claims and addressed these constructions in its motion, thereby giving Plaintiff an opportunity to respond to its arguments in her opposition. Dkt. # 20 at 19 (Bivens claims), 21-24 (FTCA claims). The Court therefore considers the Government's motion to dismiss with respect to Plaintiff's second amended complaint.

**B. Lack of Subject Matter Jurisdiction**

"The United States, including its agencies and its employees, can be sued only to the extent that it has expressly waived its sovereign immunity." Kaiser v. Blue Cross of Cal., 347 F.3d 1107, 1117 (9th Cir. 2003). A court lacks subject matter jurisdiction

ORDER GRANTING MOTION TO DISMISS
AND GRANTING LEAVE TO AMEND - 2

where the United States has not consented to be sued.  Harger v. Dep't of Labor, 569 F.3d 898, 903 (9th Cir. 2009).  A waiver must be "unequivocally expressed in statutory text. . . and will not be implied."  Id. (internal quotation marks omitted).  A federal court's jurisdiction is defined by the scope of the United States' consent to be sued. Hodge v. Dalton, 107 F.3d 705, 707 (9th Cir. 1997).  The doctrine of sovereign immunity applies to federal agencies and federal employees acting in their official capacities.  Id.

**1. Section 1983 and Bivens Claims**

Plaintiff has not identified any statutory provision or case law that suggests that the Government has consented to being sued under Section 1983 or pursuant to Bivens. The Court therefore lacks jurisdiction over Plaintiff's constitutional claims against the Government and the unknown TSA employees in their official capacities and dismisses those claims under Rule 12(b)(1).  See Jachetta v. United States, 653 F.3d 898, 908 (9th Cir. 2011) (Section 1983 does not waive sovereign immunity); Nurse v. United States, 226 F.3d 996, 1004 (9th Cir. 2000) (affirming dismissal of Bivens claims against federal agents in their official capacities).

Furthermore, section 1983 provides a remedy only against persons acting under color of state law, not federal law.  Ibrahim v. Dep't of Homeland Sec., 538 F.3d 1250, 1257 (9th Cir. 2008).  "[F]ederal officials can only be liable under section 1983 where there is a "sufficiently close nexus between the State and the challenged action of the [federal actors] so that the action of the latter may be fairly treated as that of the State itself.'"  Id. (quoting Cabrera v. Martin, 973 F.2d 735, 742 (9th Cir. 1992)).  Here, the federal employees acted under the authority provided by federal laws.  See e.g., 49 U.S.C. § 44901(a) (requiring TSA to screen all passengers and property before boarding flights that originate in the United States).

ORDER GRANTING MOTION TO DISMISS
AND GRANTING LEAVE TO AMEND - 3

Plaintiff contends (not in her second amended complaint, but in her response to the Government's motion) that TSA employees violated her rights by searching her cell phones and stealing a graduation program from her laptop bag. Dkt. # 24 at 4-6, 8. These additional factual allegations do not cure the previously identified deficiencies in Plaintiff's constitutional claims. Even if these facts had been set forth in her second amended complaint and even if they were accepted as true, they do not suggest that the Government has waived its sovereign immunity with respect to her Section 1983 or Bivens claims.

**2. State Tort Claims**

As explained above, the United States is immune from suits unless it expressly waives its sovereign immunity. The FTCA waives that immunity for certain torts, but "it is subject to both procedural and substantive exceptions that must be strictly interpreted." Mirmehdi v. United States, 689 F.3d 975, 984 (9th Cir. 2012) (internal quotation marks omitted). The statute allows for private tort actions against the United States "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); Schwarder v. United States, 974 F.2d 1118, 1122 (9th Cir. 1992).

However, the FTCA's waiver of sovereign immunity is not unlimited. The statute bars claims arising out of the commission of certain enumerated torts, including libel and slander, among others. 28 U.S.C. § 2680(h); see also Thomas-Lazear v. F.B.I., 851 F.2d 1202, 1206-07 (9th Cir. 1988). To determine whether a claim is barred under the FTCA, the Ninth Circuit "looks beyond the labels" used by the plaintiff. Thomas-Lazear, 851 F.2d at 1207. Put another way, "[i]f the gravamen of Plaintiff's complaint

is a claim for an excluded tort under § 2680(h), then the claim is barred." Snow-Erlin v. United States, 470 F.3d 804, 808 (9th Cir. 2006).

Here, Plaintiff's FTCA claims arise out of the Government's and TSA employees' questions and statements to Plaintiff during the pre-flight screening process. E.g., Dkt. # 22 ¶¶ 10-11, 16-17, 88-95, 100-01. Plaintiff's "stigma-plus" and false light claims are actually claims of slander. For example, she alleges that "[b]eing tagged with the label of 'terrorist' or 'terrorist sympathizer', or having any type of suspicious activity report filed against a person can have a devastating and life lasting impact on an individual." Id. ¶ 153. Similarly, Plaintiff's negligent hiring and training claim is premised on the TSA employees' embarrassing and false statements. Id. ¶ 159-60. Although characterized as a claim of intentional or negligent infliction of emotional distress, Plaintiff's third FTCA claim is premised on TSA employees' "drawing attention to her by making false statements implying she is a terrorist or criminal or both." Id. ¶ 163.

Plaintiff's characterization of her FTCA claims as negligence claims is nothing more than an attempt to avoid the enumerated exceptions to the FTCA. In other words, "the Government's actions that constitute a claim for slander are essential to [Plaintiff's] claim[s]." Thomas -Lazear, 851 F.2d at 1207. Thus, the FTCA does not waive sovereign immunity as to Plaintiff's FTCA claims and the Court therefore lacks subject matter jurisdiction over these claims. See Snow-Erlin v. United States, 470 F.3d 804, 809 (9th Cir. 2006) ("Plaintiff cannot sidestep the FTCA's exclusion of false imprisonment claims by suing for the damage of false imprisonment under the label of negligence.").

**3. Washington Law Against Discrimination Claim**

The Government contends that like Plaintiff's Section 1983 claims, her WLAD claims of discrimination must be dismissed because the Government has not waived

ORDER GRANTING MOTION TO DISMISS
AND GRANTING LEAVE TO AMEND - 5

sovereign immunity.  Dkt. # 20 at 21.  Plaintiff does not respond to the Government's position.  Because the Government has not consented to be sued under the WLAD, the Court lacks subject matter jurisdiction over Plaintiff's WLAD claims.

**C. Failure to State Claim**

**1. Pleading Standard**

Although a complaint challenged by a Rule 12(b)(6) motion to dismiss need not provide detailed factual allegations, it must offer "more than labels and conclusions" and contain more than a "formulaic recitation of the elements of a cause of action."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A complaint may be deficient for one of two reasons: (I) absence of a legally cognizable theory or (ii) insufficient facts under a cognizable claim.  Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must assume the truth of the plaintiff's allegations and draw all reasonable inferences in the plaintiff's favor.  Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987).  The question for the Court is whether the facts in the complaint sufficiently state a "plausible" ground for relief.  Twombly, 550 U.S. at 570.  If the Court dismisses the complaint or portions thereof, it must consider whether the pleading could be cured by the allegation of additional facts, even in the absence of a request for leave to amend.  Watison v. Carter, 668 F.3d 1108, 1117 (9th Cir. 2012).

**2. Title VI Claim**

Plaintiff contends that the Government and TSA employees received federal financial assistance and they "caused TSA employees, airlines and passengers to treat [her] less favorably than similarly situated passengers, and engaged in intentional discrimination based on [her] perceived race, color, religion, ethnicity, or ancestry."  Dkt. # 22 ¶¶ 138-39.  The Government contends that Plaintiff's Title VI claims fail

ORDER GRANTING MOTION TO DISMISS
AND GRANTING LEAVE TO AMEND - 6

because Title VI does not establish a cause of action against the United States or its agencies. Dkt. # 20 at 20. The Court agrees.

Title VI of the Civil Rights Act provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. A "program or activity" and "program" mean all of the operations of departments or agencies of a State or local government, colleges, universities, public systems of higher education, local educational agencies, certain corporations and organizations, or any other entity comprised of two or more of the entities described above. 42 U.S.C. § 2000d-4a. While it is true that TSA and TSA employees receive financial assistance from the Government, their actions do not constitute a program or activity as defined by the statute. Thus, Plaintiff fails to state a claim upon which relief can be granted and the Court dismisses her Title VI claims.

**D. Leave to Amend**

If a court dismisses the complaint or portions thereof, it must consider whether the pleading could be cured by the allegation of additional facts, even in the absence of a request for leave to amend. Watison, 668 F.3d at 1117. Under Rule 15, leave to amend should be given freely when justice so requires. Fed. R. Civ. P. 15(a). However, "the district court may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party. . . [and] futility of amendment.'" Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 892-93 (9th Cir. 2010) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). The Court finds that granting leave to amend the claims dismissed for lack of subject matter jurisdiction would be futile. The Court therefore dismisses Plaintiff's Section 1983, FTCA and

ORDER GRANTING MOTION TO DISMISS
AND GRANTING LEAVE TO AMEND - 7

1    WLAD claims without leave to amend and with prejudice.  Plaintiff's <u>Bivens</u> claims

2    against defendants in their official capacities are also dismissed with prejudice.

3    **E.  Claims Against Unknown TSA Employees in their Individual Capacities**

4          The Government has moved to dismiss the claims against the unknown TSA

5    employees in their official capacities only.  Dkt. # 20 at 1 n.1.  Because these defendants

6    have not yet been served with the complaint and the Government does not seek

7    dismissal of any claims against these defendants in their individual capacities, Plaintiff's

8    <u>Bivens</u> claims against them remain.

9          "As a general rule, the use of 'John Doe' to identify a defendant is not favored."

10   <u>Gillespie v. Civiletti</u>, 629 F.2d 637, 642 (9th Cir. 1980).  However, in certain

11   circumstances, the identity of alleged defendants may be unknown prior to filing a

12   complaint.  In such circumstances, the plaintiff should have an opportunity to identify

13   the unknown defendants through discovery unless it is clear that discovery would not

14   reveal the identity of the defendants or the complaint would be dismissed on other

     grounds.  <u>Id.</u>

15         Because there is no proof that the unknown defendants have been served or that

16   Plaintiff has sought discovery which would identify these defendants, Plaintiff is hereby

17   ORDERED to show cause why the <u>Bivens</u> claims against the unknown defendants

18   should not be dismissed or provide a statement of the discovery she intends to pursue to

19   identify the John Doe defendants.  Plaintiff shall respond to this Court's order to show

20   cause within 30 days of the date of this order.

21

22         For all of the foregoing reasons, the Government's motion to dismiss is

23   GRANTED.  Plaintiff's <u>Bivens</u> claims against defendants in their official capacities are

24   DISMISSED for lack of subject matter jurisdiction.  Plaintiff's Section 1983, FTCA,

     and WLAD claims are DISMISSED for lack of subject matter jurisdiction.  The Title VI

25

26   ORDER GRANTING MOTION TO DISMISS
     AND GRANTING LEAVE TO AMEND - 8

1 claims are DISMISSED for failure to state a claim upon which relief can be granted.
2 Plaintiff's <u>Bivens</u> claims against unknown TSA employees in their individual capacities
3 remain.  Plaintiff may file a third amended complaint related to her Title VI claims
4 within 15 days from the date of this order.  If no amended complaint if filed by that date
5 or if the allegations do not remedy the deficiencies identified in this order, this matter
6 will be closed.  In addition, Plaintiff is ordered to show cause why the claims against the
7 individual defendants should not be dismissed or file a statement of the discovery she
8 intends to conduct to identify defendants within 30 days of the date of this order.

        DATED this 8th day of July, 2013.


                                    _____
                                    Robert S. Lasnik
                                    United States District Judge


ORDER GRANTING MOTION TO DISMISS
AND GRANTING LEAVE TO AMEND - 9