UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARIYAM AKMAL,

    Plaintiff,

  v.

THE UNITED STATES OF AMERICA, *et al.*,

    Defendants.

Case No. C12-1499RSL

ORDER DENYING MOTION TO COMPEL AND DISMISSING CLAIMS

## I. INTRODUCTION

This matter comes before the Court on Plaintiff's "Motion to Compel Discovery" (Dkt. # 66). On October 30, 2013, the U.S. Marshals Service served two subpoenas duces tecum on the Transportation Security Administration ("TSA") pursuant to this Court's Order directing service. Dkt. # 65. The Department of Homeland Security and TSA (collectively, the "Government") timely objected to the subpoenas and now Plaintiff seeks an order commanding the Government to comply with the subpoenas. Having considered the parties' memoranda and supporting documents, and the remainder of the record, the Court DENIES Plaintiff's motion to compel and DISMISSES the claims against the John and Jane Doe defendants.

ORDER DENYING MOTION TO COMPEL
AND DISMISSING CLAIMS - 1

## II. DISCUSSION

### A. Background

The background facts of this case are set forth in the Court's prior orders dismissing Plaintiff's claims against the Government and individual TSA employees in their official capacities, dkt. # 35, dkt. # 43, and will not be repeated here. Rather, this Order will focus on the facts relevant to Plaintiff's motion to compel the Government to produce the items described in Plaintiff's subpoenas.

In July 2013, the Court dismissed Plaintiff's claims against the Government and the unnamed individual TSA defendants in their official capacities. Dkt. # 35. The only remaining claims are Bivens claims against John and Jane Does 1-26 in their individual capacities. Dkt. # 43. In September 2013, one year after Plaintiff filed her original complaint in this matter, the Court granted Plaintiff leave to conduct limited discovery to attempt to identify the John and Jane Doe defendants by name. Dkt. # 43.

Plaintiff's two subpoenas seek the production of the following items:

- The names, addresses, phone numbers, dates of birth, and employment histories of five TSA employees shown in pictures attached to the subpoena;

- The names, addresses, and phone numbers of these employees' emergency contacts;

- Unredacted copies of the findings related to Plaintiff's 2012 Federal Tort Claims Act claim;

- Unredacted copies of the findings related to Plaintiff's 2006 complaint filed with the Civil Rights Division of the Department of Homeland Security;

- Unredacted copies of the documents produced in response to her 2012 Freedom of Information Act request;

- The names, addresses, phone numbers, and dates of birth of all TSA employees involved in the incidents giving rise to her TSA complaint and the investigation of that complaint, and all TSA employees who were disciplined as a result of the investigation.

Dkt. # 60-1 at 2-13; Dkt. # 62-1 at 2-3.

ORDER DENYING MOTION TO COMPEL
AND DISMISSING CLAIMS - 2

**B.      Analysis**

Fed. R. Civ. P. 45 ("Rule 45") governs the process of seeking discovery from a non-party by subpoena. It allows a party to request a non-party to testify at a deposition or trial and/or to produce designated documents, electronically stored information, or tangible things. Fed. R. Civ. P. 45(a)(1)(A). "[T]he scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules." Fed. R. Civ. P. 45, advisory committee notes (1970). Rule 26 limits the scope of discovery to "nonprivileged matter that is relevant to any party's claim or defense - including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). Pursuant to Rule 26, the Court must limit the extent of discovery if it determines that the discovery sought is unreasonably duplicative, can be obtained from some other more convenient source, or if the burden of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C). The Court, upon a timely motion, must modify or quash a subpoena that requires disclosure of privileged or other protected material or imposes an undue burden on a non-party. Fed. R. Civ. P. 45(d)(3)(iii), (iv).

       **1.      Employee Names, Contact Information, and Birth Dates**

As a preliminary matter, Plaintiff's requests for the names, contact information, and birth dates of individual TSA employees, as well as her requests for the names, contact information, and birth dates of these employees' emergency contacts, are not authorized by Rule 45. Under Rule 45, requests for discovery from a non-party are limited to requests for that non-party's attendance and testimony at a deposition and/or the production of documents and other tangible things. Fed. R. Civ. P. 45(a)(1)(iii). Consistent with this approach, Rule 33, which governs the use of interrogatories, is

ORDER DENYING MOTION TO COMPEL
AND DISMISSING CLAIMS - 3

limited to parties. Fed. R. Civ. P. 33. "Underlying the protections of Rule 45 is the recognition that 'the word 'non-party' serves as a constant reminder of the reasons for the limitations that characterize 'third-party' discovery.' " Gonzales v. Google, Inc., 234 F.R.D. 674, 680 (N.D. Cal. 2006) (quoting Dart Indus. Co. v. Westwood Chem. Co., 649 F.2d 646, 649 (9th Cir. 1980)). Even though the information sought in the subpoenas is critical to the survival of Plaintiff's remaining claims, the Court cannot ignore the limitations imposed by the rules governing discovery from non-parties.

Furthermore, the specific information Plaintiff seeks is protected from disclosure by the Privacy Act. The Privacy Act prohibits an agency from disclosing "any record which is contained in a system of records . . . except pursuant to a written request by or with the prior written consent of, the individual to whom the record pertains," unless the disclosure is required under the Freedom of Information Act ("FOIA"). 5 U.S.C. § 552a(b)(2).[1] Agency employee names, addresses, phone numbers, and dates of birth are "records" covered by the Privacy Act. See U.S. Dep't of Def. v. Fed. Labor Relations Auth., 510 U.S. 487, 494 (1994). "FOIA reflects a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language." Id. Thus, disclosure of the employees' personnel information is required under FOIA unless it falls under one of the express exemptions. Exemption 6 excludes from FOIA's coverage "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy." 5 U.S.C. § 552(b)(6).

To determine whether a disclosure would constitute a "clearly unwarranted invasion of privacy," "a court must balance the public interest in disclosure against the interest Congress intended the [e]xemption to protect." Dep't of Def., 510 U.S. at 495. In this context, the only relevant public interest is "the extent to which disclosure of the

---

[1] The Privacy Act contains other exceptions to the general prohibition of disclosure that are not relevant to the present dispute. See 5 U.S.C. § 552a(b)(1)-(12).

ORDER DENYING MOTION TO COMPEL
AND DISMISSING CLAIMS - 4

information sought would shed light on an agency's performance of its statutory duties or otherwise let citizens know what their government is up to." Bibles v. Or. Natural Desert Ass'n, 519 U.S. 355, 355-56 (1997) (internal quotation marks and citations omitted). With respect to the public interest, the disclosure of employees' identities, contact information, and birth dates would not assist the public in better understanding "what their government is up to." Dep't of Def., 510 U.S. at 497. Rather, it would allow Plaintiff to pursue claims against individual, low level employees based on their unofficial conduct. The employees' personal information would not provide further insight into the agency's performance. Thus, the public interest in the records is minimal, at best. Forest Serv. Emps. for Envtl. Ethics v. U.S. Forest Serv., 524 F.3d 1021, 1025 (9th Cir. 2008) ("information about private citizens that is accumulated in various governmental files but that reveals little or nothing about an agency's own conduct is not the type of information to which FOIA permits access.") (internal quotation marks and citation omitted).

Turning to the employees' privacy interest, a broad array of privacy interests are cognizable under FOIA. Privacy "encompasses the individual's control of information concerning his or her person" and it includes an interest in shielding personal information from the public. Prudential Locations LLC v. U.S. Dep't of Hous. & Urban Dev., 739 F.3d 424, 430-31 (9th Cir. 2013) (quoting U.S. Dep't of Justice v. Reporters Comm. for Freedom of Press, 489 U.S. 749, 763 (1989)). Additionally, Ninth Circuit law provides that a low level government employee's interest in avoiding harassment, embarrassment, shame, and stigma, is a cognizable privacy interest under Exemption 6. Forest Serv. Emps. for Envtl. Ethics, 524 F.3d at 1026. Balancing the negligible public interest in this case against these non-trivial privacy concerns, the Court finds that FOIA does not mandate the disclosure of the TSA employees' personal identifying information

ORDER DENYING MOTION TO COMPEL
AND DISMISSING CLAIMS - 5

(or that of their emergency contacts) and therefore, the Privacy Act prohibits the disclosure.

### 2. Unredacted Versions of Documents Previously Produced

Plaintiff's requests for unredacted copies of documents she received in response to a FOIA request and documents she contends she requested, but did not receive, challenge the adequacy of the Government's response to her FOIA request. Dkt. # 62-1 at 2 (¶¶ 1-4). Under FOIA, a federal district court "has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). However, before a party can seek judicial review of an agency's response and production, she must exhaust the administrative remedies provided by FOIA. In re Steele, 799 F.2d 461, 465-66 (9th Cir. 1986). Here, there is no indication that Plaintiff exhausted her administrative remedies under FOIA and moreover, Plaintiff voluntarily dismissed her FOIA claim in April 2013, dkt. # 33. Thus, there is no pending FOIA claim before the Court and even if Plaintiff had not dismissed this claim, it is unlikely that the Court could consider the merits of the claim due to lack of subject matter jurisdiction.

**C.  Dismissal**

Although using "John Doe" to identify a defendant is disfavored, a plaintiff should have an opportunity to identify any unknown defendants through discovery unless it is clear that the discovery would not reveal the name of the defendant or the complaint would be dismissed on other grounds. Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Plaintiff has had more than a year to seek discovery to ascertain the identities of the unknown defendants, but has only made one request for early discovery and that was in response to the Court's Order to Show Cause. Dkt. # 39-1. The Court granted Plaintiff's request and allowed her to serve two subpoenas on TSA. Dkt. # 63. For the reasons outlined above, however, the Court will not compel the Government to

ORDER DENYING MOTION TO COMPEL
AND DISMISSING CLAIMS - 6

respond to the questions asked or produce the unredacted documents sought.  Because Plaintiff has had ample opportunity to identify the John and Jane Doe defendants, but has failed to perfect claims against them, these defendants must be dismissed.  See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999).

### III.  CONCLUSION

For all of the foregoing reasons, Plaintiff's motion to compel (Dkt. # 66) is DENIED.  All claims against the John and Jane Doe defendants are DISMISSED.  The Clerk of Court is directed to enter judgment in favor of defendants and against Plaintiff.

DATED this 7th day of March, 2014.

*[signature]*

Robert S. Lasnik
United States District Judge