UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARIYAM AKMAL,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA, *et al.*,<br><br>Defendants. | Case No. C12-1499RSL<br><br>ORDER DENYING AMENDED MOTION FOR NEW TRIAL |

This matter comes before the Court on "Plaintiff's Amended Motion for A New Trial." Dkt. # 75. On March 7, 2014, the Court denied Plaintiff's motion to compel discovery and dismissed her claims against the unknown "John and Jane Doe" defendants. Dkt. # 72. The Court previously dismissed Plaintiff's claims against the government and the individual government employees in their official capacities. Dkt. # 43. Plaintiff now seeks relief pursuant to Fed. R. Civ. P. ("Rule") 59, which provides that a court may grant a new trial on all or some issues (1) "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court," or (2) "after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Fed. R. Civ. P. 59(a)(1). Because there was no trial in this case, the Court construes Plaintiff's motion as a motion for reconsideration under LCR 7(h) and relief from a judgment or order under Rule 60(b).

ORDER DENYING AMENDED
MOTION FOR NEW TRIAL - 1

Motions for reconsideration are disfavored and will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." LCR 7(h)(1).  The Ninth Circuit has called reconsideration "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted).  Plaintiff has not met this burden.  Instead, Plaintiff presents the same arguments that the Court previously considered when it dismissed Plaintiff's claims against the government and the individual, unknown TSA employees.  While Plaintiff does present new evidence related to a separate civil rights lawsuit, e.g., dkt. # 74-3; dkt # 74-4; dkt. # 74-5, she has not demonstrated that this "new evidence" could not have brought to the Court's attention earlier.  Even if the Court were to consider this evidence, it would not alter the Court's previous findings supporting dismissal of her claims.  Plaintiff has not shown manifest error or the existence of new facts or legal authority.

Plaintiff's motion does not fare better as a motion for relief from a judgment or order.  Pursuant to Rule 60(b), a judgment or order may be vacated for any one of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under 59(b); (3) fraud . . . misrepresentation, or misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason that justifies relief.

Plaintiff contends that she is entitled to relief because the "verdict [is] against the weight of evidence" and the government attorneys committed misconduct.  The Court, therefore, considers the motion under subsections 3 and 6.

ORDER DENYING AMENDED
MOTION FOR NEW TRIAL - 2

To prevail on a Rule 60(b)(3) motion, "the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting [its case]." De Saracho v. Custom Food Mach., 206 F.3d 874, 880 (9th Cir. 2000). Plaintiff argues that counsel for the government engaged in misconduct when it included counsel involved in a separate case brought by Plaintiff in communications with Plaintiff. Dkt. # 75 at 10. Contrary to Plaintiff's assertion, that conduct does not demonstrate that counsel for the government was involved in a conspiracy to damage her case. Similarly, her allegation that the government forced her to dismiss a claim by threatening her lacks merit. See id. at 13. Plaintiff fails to present evidence that the government engaged in any misconduct during the course of this matter and even if the actions she identifies constitute misconduct, she has not shown that the conduct prevented her from fairly presenting her case. Plaintiff, therefore, fails to meet her burden under Rule 60(b)(3).

Rule 60(b)(6) is a catch-all provision that should be used "sparingly as an equitable remedy to prevent manifest injustice." United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993). "[R]elief normally will not be granted unless the moving party is able to show both injury and that circumstances beyond its control prevented timely action to protect its interests." Id. Plaintiff has not demonstrated that manifest injustice will result absent the relief she seeks. Rather, Plaintiff repeats arguments and allegations that she has raised throughout this litigation. The Court has considered these arguments in the context of other motions and has not found them persuasive. Plaintiff, therefore, has not shown exceptional circumstances justifying the extraordinary relief available under Rule 60(b)(6).

ORDER DENYING AMENDED
MOTION FOR NEW TRIAL - 3

1  For all of the foregoing reasons, Plaintiff's amended motion for a new trial (Dkt.
2  # 75) is DENIED.

3
4  DATED this 30th day of April, 2014.

5

6
7  *signature*
   Robert S. Lasnik
8  United States District Judge

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26 ORDER DENYING AMENDED
   MOTION FOR NEW TRIAL - 4